UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------- x
:
SARAH N. ACEVEDO : 3:09 CV 1927 (JBA)
:
V. :
:
MICHAEL J. ASTRUE :
COMMISSIONER OF SOCIAL SECURITY : DATE: JANUARY 3, 2011
:
----------------------------------------------------------- x

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On March 1, 2007, plaintiff Sarah N. Acevedo filed her application for DIB and SSI, alleging an inability to perform substantial gainful activity since February 6, 2006. (Dkt. #2, at 2). Plaintiff's claim for benefits were denied and plaintiff requested review by a Federal Reviewing Officer; on December 20, 2007, plaintiff's claim was denied after such review. (Id.). On September 23, 2008 a hearing was held before Administrative Law Judge ["ALJ"] Ronald J. Thomas, and on November 24, 2008, ALJ Thomas denied plaintiff's claim, and notified her that the Decision Review Board had selected her claim for review. (Id. at 2-3). On March 24, 2009, the Decision Review Board notified plaintiff that it did not complete its review of her claim during the time allowed, thus rending ALJ Thomas' decision the final decision of the Social Security Administration. (Id. at 3).

Plaintiff filed her Complaint in this case on November 30, 2009 (Dkt. #2),[1] in response to which defendant filed his Answer on February 5, 2010. (Dkt. #10).[2] Thereafter, on May 20, 2010, plaintiff filed her Motion for Order Reversing the Decision of

---

[1] Plaintiff commenced this action in forma pauperis on the same day. (Dkts. ##1, 5-6).

[2] Attached to defendant's Answer is a certified copy of the transcript of the record, dated January 11, 2010.

1

the Commissioner, and brief in support (Dkt. #16; see Dkts. ##11-15), and defendant filed his Motion for Order Affirming the Decision of the Commissioner and brief in support on August 11, 2010. (Dkt. #22; see Dkts. ##17-21). On December 3, 2009, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge (Dkt. #5), who filed a Recommended Ruling granting in part plaintiff's Motion and granting in part and denying in part defendant's Motion. (Dkt. #23). On October 15, 2010, defendant filed his Notice that Defendant Does Not Oppose Recommended Ruling on Motions (Dkt. #26) and four days later, Judge Arterton entered her Order approving and adopting the Recommended Ruling with consent. (Dkt. #27). The next day, on October 20, 2010, judgment entered in favor of plaintiff. (Dkt. #28). Thereafter, on November 29, 2010, plaintiff filed the pending Motion for Attorney's Fees, with brief and affidavits in support (Dkt. #29),[3] which has not been opposed by defendant.

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an

---

[3]Attached to plaintiff's brief is plaintiff's affidavit, sworn to on November 29, 2010, an affidavit of plaintiff's counsel, also sworn to on November 29, 2010, and the log of plaintiff's counsel's time spent on this case from June 1, 2009 through July 27, 2010 ["Time Sheet"].

award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B)-(D).

As stated above, judgment entered in this case on October 20, 2010. A "final judgment" under 28 U.S.C. § 2412(d)(1)(B) means a "judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). "The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Id. at 96; see Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993) ["Schaefer"]. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until sixty days after "entry of judgment," and that a judgment is considered entered for purposes of the rule only if it has been "entered in compliance with Rul[e] 58 . . . of the Federal Rules of Civil Procedure." FED. RULES APP. PROC. 4(a)(1), (7). Thus, plaintiff's Motion which was filed on November 29, 2010, is well within ninety-days of the date judgment entered.

In this Magistrate Judge's Recommended Ruling, which was approved and adopted by Judge Arterton, this case was remanded to the ALJ to consider "the complete medical evidence and weigh plaintiff's statements in light of the entire medical record." (Dkt. #23, at 21). Thus, plaintiff was the prevailing party in this action as plaintiff achieved "some of the benefits . . . sought in bringing suit." Schaefer, 509 U.S. at 302 (citation & internal quotations omitted). Further, as plaintiff observes in her brief, the Recommended Ruling "makes it clear that the defendant failed to follow [his] own rules and procedures with respect to the claims of law asserted by the plaintiff herein[,]" (Dkt. #29, Brief at 2), so that there was no substantial justification for the Commissioner's decision in this case, and an order of attorney's fees under the EAJA is appropriate here.

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B), plaintiff presents to the Court an affidavit and itemized statement of fees, in which his hourly rate, due to inflation, is increased to $171.95 for 2009; his rate is not increased for work performed in 2010. (Dkt. #29, Counsel's Aff't ¶ 8 & Time Records).[4] Plaintiff seeks a total award of $4,350.33 for 25.3 hours of work spent on this case from June 1, 2009 to July 27, 2010. (Time Sheet).[5] Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Justice Act (Dkt. #29) is <u>granted in the amount of $4,350.33.</u>

<u>See</u> 28 U.S.C. §636(b)**(written objection to ruling must be filed within fourteen days after service of same)**; FED. R. CIV. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 3rd day of January, 2011 at New Haven, Connecticut.

---

[4]The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of a qualified attorney for the proceedings involved, justified a higher fee . . . ." 28 U.S.C. § 2412(d)(2)(A). The term "cost of living," which is not defined by the EAJA, is properly measured by the Consumer Price Index ["CPI"]. See Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992). However, "[a] district court has discretion whether to grant cost of living increase in statutory hourly rate cap for an attorney fee award under the EAJA, and the increase in the consumer price index does not mandate an increase." Green-Younger v. Barnhart, No. Civ. 3:99 CV 1425(CFD), 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004)(citations omitted).

[5]To conclude that plaintiff's hourly rate is reasonable is an understatement, as plaintiff's hourly rate is below the rate of $180/per hour for 2009 which this Court and this District has repeatedly found reasonable. See Palozie v. Astrue, 3:08 CV 1655 (CSH)(JGM), at 5-6 (D. Conn. Feb. 25, 2010); Gisondi v. Astrue, No. 3:06 CV 968(VLB)(TPS)(D. Conn. Oct. 23, 2008)(no objection to fees); Rivera v. Astrue, No. 3:07 CV 1049(SRU)(WIG), 2009 WL 2982647, at *1 (D. Conn. Jun. 18, 2009)(no objection to rate); Serrano v. Astrue, No. 07 CV 1299(CFD)(TPS)(D. Conn. Apr. 28, 2009)(absent objection); Roth v. Astrue, No. 3:08 CV 436(SRU)(WIG)(D. Conn., filed Apr. 28, 2009)(no objection to rate). See also Ericksson v. Astrue, No. 3:00 CV 2221(VLB)(HBF), at 7 (D. Conn. Jan. 11, 2010).

**  /s/ Joan G. Margolis, USMJ  **
Joan Glazer Margolis
United States Magistrate Judge